CDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY,<br>**Plaintiff,** | : | |
| v. | : | **CIVIL ACTION NO. 18-CV-3747** |
| UNIVERSITY OF NOTRE DAME DU LAC, *et al.*,<br>**Defendants.** | : | |

FILED
SEP 12 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**JONES, J.**                                                                           SEPTEMBER //, 2018

*Pro se* Plaintiff Edward Thomas Kennedy, a frequent litigant in this Court, filed this civil action in the Northern District of Illinois against several Defendants based on the fact that he was not admitted to various law schools. (ECF No. 1.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 4.) The Northern District of Illinois transferred the case to this District pursuant to 28 U.S.C. § 1404, and the case was received on September 4, 2018. (ECF No. 7.) For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous.

**I.     FACTS**

The Complaint identifies the following Defendants: (1) University of Notre Dame du Lac; (2) John I. Jenkins; (3) Notre Dame Law School; (4) American Bar Association; (5) American Bar Association Board of Governors; (6) Nell Jessup Newton; (7) Commonwealth of Pennsylvania; (8) Pennsylvania Bar Association; (9) John Brennan; (10) Law School Admissions Council, Inc.; (11) Leanne M. Shank; and (12) Kellye Teste. Although Kennedy indicates that he is invoking the Court's federal question jurisdiction, the Complaint raises causes of action for "trespass plaintiff party," "trespass on the case," "trespass on the case – vicarious liability,"

"failure to provide a republican form of government and false advertising," "intentional infliction of emotional distress," "restraint of trade," "bad faith," and negligence. The Complaint is predominately predicated upon conclusory and legalistic allegations. At bottom, however, it rests on the fact that Kennedy was denied admission to various law schools across the nation—in particular Notre Dame Law School—because he refused to take the Law School Admission Test (LSAT), which is part of those schools' admissions requirements.

Kennedy claims that he should have been guaranteed admission to Notre Dame Law School "[b]y ecclesiastical law, and tradition." (Compl. at 2.)[1] He also alleges that the Defendants acted in concert to deny him admission to the numerous law schools listed in his Complaint and that he was "kept in constructive financial imprisonment." (*Id.* at 3.) The Court understands Kennedy to be alleging that the denial of his law school applications somehow denied him liberty. Kennedy seeks "general damages in the sum of $1,000 for each day of unlawful behaviors for each defendant, or $1,500,000.00 from each defendant, whichever is greater," as well as damages in other amounts. (*Id.* at 12.) He also seeks a declaration that the Defendants have wronged him and other relief, including injunctions requiring the Defendants to allow him to practice law and permit him to attend Notre Dame Law School "for both Fall 2018 and Fall 2019 tuition free with first-class direct and indirect expenses prepaid and granted to [Kennedy] with no time limitations, or pay Kennedy one percent of 2017 net profit." (*Id.* at 13.)

## II. STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

2

frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Having reviewed Kennedy's Complaint in its entirety, the Court concludes that this action is legally frivolous. Kennedy admits that he did not take the test required for admission at Notre Dame and other law schools. It is therefore no surprise that his applications to those schools were denied. Nothing in his allegations gives rise to a discernable cause of action under federal law or otherwise. Instead, Kennedy's Complaint is premised on legal conclusions and phrases that do not shed any light on how he was legally wronged by virtue of the denial of his law school applications. Accordingly, the Court concludes that his Complaint is without legal merit.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss his Complaint. Kennedy is not given leave to amend because amendment would be futile. An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.

3